[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#124)
The plaintiff has brought this action against the New Haven County Insurance Agency, Inc. and American Empire Surplus Lines, Inc. (hereafter, American Empire). In his Revised Amended Complaint dated February 28, 1992 the plaintiff alleges that he was the owner of property at 34 Arch Street, New Haven, which property was destroyed by fire on December 27, 1989. The plaintiff further alleges that in July of 1989 he had applied for a fire insurance policy on the property through the defendant agency and that in consideration of a premium said the agency had agreed to procure such a policy and indeed such coverage was bound and in effect from July 27, 1989 through July 27, 1990. The plaintiff alleges that upon giving notice of the above loss to the defendant agency he was advised that the property was not insured.
In the third count of the complaint the plaintiff alleges the above facts and alleges that the defendant American Empire failed to apprise the plaintiff of the circumstances, conditions, and/or requirements of his contract of insurance, thereby affecting its lapse or cancellation. Specifically, the plaintiff alleges that American Empire failed to issue such notices of cancellation to either him or a premium finance company with which he had signed a contract for the payment of premiums, failed to ascertain or ensure that the premium finance company notified the plaintiff of the cancellation of his policy, failed to send notice to him of the reason for such cancellation, failed to advise the plaintiff as to his rights regarding excess premiums in the event of a cancellation and misrepresented the reason for the cancellation of the policy to third parties thereby effecting its cancellation. The plaintiff claims damages resulting from the cancellations of his policy thus leaving the subject property uninsured along with damages pursuant to the Connecticut Unfair Insurance Practices Act. In the fifth count of the complaint the plaintiff essentially re-alleges the above facts, alleges that such conduct was either intentional or reckless and claims that such conduct is a violation of the Connecticut Unfair Trade Practices Act. CT Page 216
The defendant American Empire has moved for summary judgment on the basis that there is no issue of material fact and that: it is entitled to a judgment as a matter of law. Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material" fact is one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969). Once the moving party has presented sufficient evidence in support of the motion for summary judgment the party opposing the motion must present evidence demonstrating the existence of a disputed material factual issue and the mere assertion that a issue of material fact exists is not sufficient. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-579
(1990).
The evidence presented by American Empire in support of its motion establish the following sequence of factual events. Or July 25, 1989 the plaintiff signed a premium finance agreement with AFCO (Exhibits B D). That premium finance agreement pertained at least in part to the premium on the American Empire policy at issue and provided that the plaintiff "irrevocably appoints AFCO its Attorney-In-Fact with full authority to cancel the insurance policies, receive all sums assigned to AFCO or in which it has granted AFCO a security interest and AFCO may execute and deliver on the insured's behalf all documents, instruments of payment, forms and notices of any kind relating to the insurance policies in furtherance of this agreement." (Exhibit B, par. 10). Such agreement permitted AFCO to cancel an insurance policy if one of a number of circumstances occur including non-payment of any installment due AFCO or other non-compliance with the terms of the agreement. (Exhibit B par. 9).
Thereafter AFCO sent a notice of cancellation to American Empire with a mailing date of 9/22/89 and a cancellation date of 9/28/89. (Exhibit C). This notice of cancellation provided that the subject policy was "HEREBY CANCELLED by AFCO on behalf of the insured in accordance with the authority given us by the insured to cancel the policies upon default in his payment to AFCO. The above named insured and the producer(s) listed hereon have been notified by ordinary mail of this cancellation." The plaintiff appeared on such notice as the insured with the same address as that appearing on American Empire's policy. The notice of CT Page 217 cancellation also stated that "10 days notice of our intent to cancel has been given to the above insured and submitting producer." The policy was then cancelled by American Empire effective 9/28/89 (Exhibit E) and the unearned premium returned to AFCO (Exhibit F).
The plaintiff opposes the motion for summary judgment on the basis that American Empire was statutorily and contractually obligated to send notice of such cancellation to the insured at the address shown in the policy, and that it has failed to establish that such notice was sent. The plaintiff also submits a number of documents relating to the cancellations of the policy which he claims are ambiguous and thus give rise to questions of fact relative to the method or effectiveness of the cancellation. (Plaintiff's Exhibits B, C D). Neither party claims however that these documents were ever sent by American Empire to the plaintiff (see p. 4 of plaintiff's brief). The defendant, American Empire responds that the plaintiff's argument must fail because neither the policy itself, nor the relevant statute required that American Empire directly notify the plaintiff of the cancellations of the policy under the above circumstances.
Essentially, the defendant claims that the rights of the parties are governed by Sec. 38-300 of the Conn. Gen. Stats. (presently sec. 38a-170), whereas the plaintiff maintains that Secs. 38-98 (presently sec. 38a-307) and 38-99(a) (presently38a-308) are applicable to the situation at hand. The court agrees with the defendant American Empire, that the applicable statutory provision is sec. 38-300. Section 38-300 permits an insurance premium finance company which holds a power of attorney to request cancellation of a policy by mailing to the insurer notice of cancellation as was done in this case. Under such circumstances the policy may be cancelled "as if such notice of cancellation had been submitted by the insured himself." (emphasis added). Section 38-300(c) requires that notice of such cancellation be sent to the insured by the insurance premium finance company. The notice requirements set forth in sec. 38-300(d) that relate to the insurer, pertain to certain other third parties whose rights may be affected by such cancellation, but such requirements do not include notice to the insured. From the evidence presented it appears that the provisions of sec. 38-300 were complied with insofar as they pertain to the actions of American Empire in cancelling the policy at the request of AFCO. CT Page 218
As to the notice requirements of sec. 38-98 and those contained in the policy itself, which requirements are relied upon by the plaintiff, such requirements exist only when the policy is cancelled by the insurance company, rather than at the request of the insured. As noted above, under the undisputed facts of this case the cancellations of the policy in question is deemed to have been at the request of the plaintiff himself.
Finally, while the documents submitted by the plaintiff do appear to give raise to some ambiguity as to the cancellation procedure within the company, it appears that there is no issue of fact that the policy was indeed cancelled pursuant to AFCO's request and that such cancellation was prior to the date of loss. Furthermore, there appears to be no claim that those documents were ever sent to the plaintiff and it is therefore difficult to see how his rights could have been affected thereby. Thus there appears to be no issue of material fact as would be required to defeat the defendant's motion.
In the court's view, therefore, American Empire's policy had been cancelled in accordance with its terms and the applicable statutory requirements at the time of the loss. The motion for summary judgment is therefore granted.
Bruce W. Thompson, Judge